SIDNEY-HILL SYSTEM OF HEALTH BUILDING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13963.   Promulgated June 13, 1928.

*C. A. Thompson, Esq.,* for the petitioner.
*H. L. Jones, Esq.,* for the respondent.

**OPINION.**

PHILLIPS: The parties having stipulated the amount to which petitioner is entitled as a deduction for the exhaustion of its equipment, the sole question remaining for decision in this proceeding is whether petitioner, which kept its books on a cash receipts and disbursements basis, was entitled to deduct the amount of a reserve set up on its books in 1921 to cover its liabilities on a settlement of a judgment obtained against it for loss of jewelry lost in its business establishment. The facts with respect to this issue are all stipulated.

Section 234 (a) (4) of the Revenue Act of 1921 provides:

That in computing the net income of a corporation * * * there shall be allowed as deductions * * * losses sustained during the taxable year and not compensated for by insurance or otherwise; unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period.

In view of the fact that petitioner kept its books on the cash receipts and disbursements basis, we are of the opinion that it did not sustain a deductible loss during 1921. *S. R. Davis*, 9 B. T. A. 755.

Petitioner, adopting a seemingly hybrid method of bookkeeping, set up a " reserve " to provide for its liability under the judgment as reduced by the compromise. The establishment of such a " reserve " is inconsistent with the cash receipts and disbursements basis. A taxpayer can not obtain deductions, to which it is not otherwise entitled, by bookkeeping entries.

Petitioner relies upon article 111 of Regulations 62 reading in part:

* * * Judgments or other binding adjudication, such as decisions of referees and boards of review under workmen's compensation laws, on account of

damages for patent infringement, personal injuries, or other cause, are deductible from gross income when the claim is so adjudicated or paid, unless taken under other methods of accounting which clearly reflect the correct deduction, less any amount of such damages as may have been compensated for by insurance or otherwise. If subsequently to its occurrence, however, a taxpayer first ascertains the amount of a loss sustained during a prior taxable year which has not been deducted from gross income, he may render an amended return for such preceding taxable year including such amount of loss in the deductions from gross income and may file a claim for refund of the excess tax paid by reason of the failure to deduct such loss in the original return. A loss from theft or embezzlement occurring in one year and discovered in another is ordinarily deductible for the year in which sustained.

It is to be noted that a deduction on account of a judgment is to be taken when the claim is " adjudicated or paid." We do not understand this to mean that the taxpayer may choose the year for the deduction, if adjudication takes place in one year and payment in another. When read in connection with the law and other regulations, it seems clear that whether it is to be taken as a deduction when adjudicated or when paid depends on the system of accounting employed. On an accrual basis it is taken as a deduction when adjudicated; on a cash basis, when paid. The action of the Commissioner is consistent with his regulations.

*Decision will be entered under Rule 50.*